# In re: IKO ROOFING SHINGLE PRODUCTS LIABILITY LITIGATION.

## MDL No. 2104.

United States Judicial Panel on Multidistrict Litigation.

Dec. 3, 2009.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR. and DAVID G. TRAGER, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Defendants IKO Manufacturing, Inc., IKO Chicago, Inc., and IKO Pacific, Inc. (collectively IKO) move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of Illinois. The defendants' motion encompasses four actions pending, respectively, in the Northern District of Illinois, the District of New Jersey, the Western District of New York and the Western District of Washington, as listed on Schedule A.[1]

Plaintiffs in the four actions encompassed by the motion initially supported centralization in the Western District of New York or, alternatively, the District of New Jersey; however, at oral argument these plaintiffs argued in support of centralization in the Central District of Illinois or, alternatively, the Western District of New York. Plaintiffs in the two related actions support centralization in the Central District of Illinois.

On the basis of the papers filed and hearing session held, we find that these four actions involve common questions of fact, and that centralization under Section 1407 in the Central District of Illinois will serve the convenience of the parties and witnesses and promote the just and effi-

1. The parties have notified the Panel of two related actions pending, respectively, in the Central District of Illinois and the Southern District of Illinois. These actions and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

cient conduct of this litigation. All actions share factual questions concerning alleged defects in roofing shingles manufactured and sold by IKO. Specifically, plaintiffs allege that the shingles fail prematurely due to moisture invasion, cracking, curling, blistering, deteriorating, blowing off the roof, or otherwise not performing within reasonable expectations. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification issues; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Central District of Illinois is an appropriate forum for this docket. Certain IKO facilities are located in this district, so relevant documents and witnesses are likely found there. Centralization in this district also permits the Panel to effect the Section 1407 assignment to a transferee district that is not currently assigned to other multidistrict litigation dockets and to a transferee judge who has a caseload favorable to accepting the assignment.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Central District of Illinois and, with the consent of that court, assigned to the Honorable Michael Patrick McCuskey for coordinated or consolidated pretrial proceedings.

### SCHEDULE A

MDL No. 2104—IN RE: IKO ROOFING SHINGLE PRODUCTS LIABILITY LITIGATION

*Northern District of Illinois*

*Pamela D. McNeil, et al. v. IKO Manufacturing, Inc., et al.,* C.A. No. 1:09–4443

*District of New Jersey*

*Debra Zanetti v. IKO Manufacturing, Inc.,* C.A. No. 2:09–2017

*Western District of New York*

*Gerald P. Czuba, et al. v. IKO Manufacturing, Inc., et al.,* C.A. No. 1:09–409

*Western District of Washington*

*Michael Hight, et al. v. IKO Manufacturing, Inc., et al.,* C.A. No. 2:09–887