IN RE: ATLAS ROOFING CORPORA-
TION CHALET SHINGLE PRODUCTS
LIABILITY LITIGATION.

MDL No. 2495.

United States Judicial Panel on
Multidistrict Litigation.

Dec. 19, 2013.

Before JOHN G. HEYBURN II,
Chairman, PAUL J. BARBADORO,
CHARLES R. BREYER, LEWIS A.
KAPLAN, SARAH S. VANCE, and
ELLEN SEGAL HUVELLE, Judges of
the Panel.

**TRANSFER ORDER**

JOHN G. HEYBURN II, Chairman.

**Before the Panel:** [*] Pursuant to 28
U.S.C. § 1407, plaintiffs in the Northern
District of Georgia *Dishman* action seek
centralization of this litigation involving al-
leged defects in Chalet brand roofing shin-
gles manufactured by Atlas Roofing Corp.
(Atlas) in the Northern District of Georgia.
The litigation encompasses the six actions
pending in six districts, as listed on Sched-
ule A.[1]

All responding parties—common defen-
dant Atlas and plaintiffs in three actions—

support the motion. Plaintiffs in the Mid-
dle District of Tennessee *Curatolo* action
alternatively suggest centralization in the
Middle District of Tennessee.

After considering all argument of coun-
sel, we find that these actions involve com-
mon questions of fact, and that centraliza-
tion in the Northern District of Georgia
will serve the convenience of the parties
and witnesses and promote the just and
efficient conduct of this litigation. All ac-
tions are putative statewide class actions
involving common questions of fact arising
from allegations that defendant's Chalet
line of asphalt shingles experience prema-
ture blistering and cracking, increased
moisture penetration and otherwise fail to
perform as warranted. Plaintiffs contend
that Atlas made numerous erroneous
statements. about the durability and relia-
bility of the shingles, as well as the shin-
gles' compliance with building codes and
other manufacturing guidelines.

Centralization under Section 1407 will
eliminate duplicative discovery and pre-
vent inconsistent pretrial rulings, particu-
larly with respect to class certification.
Centralization is also consistent with prior
Panel decisions ordering centralization of
actions relating to allegedly defective roof-
ing shingles of other manufacturers. *See,
e.g., In re IKO Roofing Shingle Prods.
Liab. Litig.,* 659 F.Supp.2d 1364 (J.P.M.L.
2009) (ordering centralization of four ac-
tions that involved common questions of
fact relating to allegedly defective roofing
shingles).

We are persuaded that the Northern
District of Georgia is an appropriate trans-
feree forum for this litigation. All parties,
including common defendant Atlas, sup-
port centralization in the Northern District
of Georgia, where the Chalet shingles at

---

[*] Judge Marjorie O. Rendell did not participate
in the decision of this matter.

1. The Panel has been notified of an addition-
al, potentially related action pending in the

Southern District of Mississippi. This and
any other related actions are potential tag-
along actions. *See* Panel Rules 1.1(h), 7.1
and 7.2.

issue were manufactured and marketed. More homes containing Chalet shingles are reportedly located in Georgia than in any other forum with a pending action. Finally, plaintiffs also assert that Atlas has its sales and marketing headquarters in Atlanta, Georgia; thus, likely relevant documents and witnesses may be found in this district. By centralizing this litigation before Judge Thomas W. Thrash, Jr., we are selecting a jurist well-versed in the nuances of complex, multidistrict litigation to steer this matter on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Georgia are transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Thomas W. Thrash, Jr., for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

## SCHEDULE A

MDL No. 2495 — **IN RE: ATLAS ROOFING CORPORATION CHALET SHINGLE PRODUCTS LIABILITY LITIGATION**

*Middle District of Alabama*
*Kira Knight v. Atlas Roofing Corporation,* C.A. No. 3:13–00643

*Northern District of Georgia*

*Diane Dishman, et al. v. Atlas Roofing Corporation,* C.A. No. 1:13–02195

*Western District of North Carolina*

*Wolfpen II Planned Community Homeowners Association, Inc. v. Atlas Roofing Corporation,* C.A. No. 1:13–00207

*Southern District of Ohio*

*Brian David Seltzer v. Atlas Roofing Corporation,* C.A. No. 1:13–00474

*District of South Carolina*

*David Dickson, et al. v. Atlas Roofing Corporation,* C.A. No. 0:13–01505

*Middle District of Tennessee*

*John Curatolo, et al. v. Atlas Roofing Corporation,* C.A. No. 3:13–00865